All right, um, Mr. Bryson, we're happy to hear you in the United States v. Smith. May it please the Court, my name is John Bryson. I practice in High Point, North Carolina. I am here representing Antoine Darrell Smith, who is the appellant. He is appealing his sentence of 180 months that he received after he was determined to be an armed career criminal. Primary issue is whether or not his 2008 conviction for voluntary manslaughter in North Carolina is in fact a qualifying predicate felony under the use of force clause for the Armed Career Criminal Act. I think the parties agree that the Court should use the categorical approach in analyzing this North Carolina crime. I think the parties also agree that a crime accomplished by mere negligence is insufficient to satisfy the clause. My purpose here today is to persuade this panel that when focusing on the minimum conduct required to sustain a conviction for voluntary manslaughter in North Carolina, that there is a type of voluntary manslaughter that can be accomplished by negligence. There are different types of voluntary manslaughter in North Carolina. The most common is generally referred to as heat of passion upon adequate provocation. There is self-defense with excessive use of force. There is also self-defense, although the actor was the aggressor in the commission of the conflict. There is also a killing that occurs after the defendant finds his spouse in bed with a paramour. That's essentially heat of passion voluntary manslaughter, except that there's no actual adequate provocation. The witnessing of the act is deemed to be adequate provocation. You agree. I think you and the government both agree that it occurs when one kills another intentionally, correct? Certainly voluntary manslaughter can include an intent to kill. I'm sorry. I understood you to agree that it involved an intentional act. Intentional act, yes, but I don't think it is required. Can a negligent act be intentional? I'm asking, if something is negligent, can it be intentional? I think you can intentionally do something in a negligent fashion, if that answers your question. No, it doesn't. What did you just say? I think you can do something intentionally in a negligent fashion. You drive a car, but you carelessly... I'm not sure that I've heard that before, that particular argument. I was always under a very old school kind of view of mental states that negligence and intent were different. And mutually exclusive, at least I understood it. Well, maybe I'm mixing up parts of my argument here, but this leads to where I want to go on this excessive use of self-offense, because you can have an intentional act... Let me ask you this. We all agree that voluntary manslaughter is less serious than second degree murder, okay? Agreed. Agreed with that. And it's less serious because it's a crime committed in the heat of passion, is the mitigating factor there. But does that matter in terms of a crime of violence? If the men's ray, according to the North Carolina decisions... Here, unlike the earlier case, we're dealing with a predicate state offense. And here, the state court decisions do matter. And the Supreme Court has put some emphasis on the men's ray, and so we have all these arguments in these in-between cases over recklessness. You know, we say negligent, that's clearly not a crime of violence. Recklessness, we get in arguments on that. But this isn't even that. This is intentionality. And that's hard for you to overcome, isn't it? No, because... And let me take it, because I really don't want to talk about heat of passion manslaughter. I want to talk about excessive use of force self-defense, okay? Because... But to be guilty, and I'm sorry, I have a bit of a... I have a lifesaver, so I'm... Excessive, even in the excessive use of force self-defense, contact, the killing, is intentional. Yes. It has to be intentional. Yes. So, it's not negligent, it still has to be an intentional killing. So I'm not, I just, I don't see how that helps you. Okay. Here's the thing. If you read the definition, it says, of someone who is otherwise acting in self-defense. Okay? So, for example, if someone jumps up from the audience, screams, Bryson, I'm going to kill you, pulls out a knife, and comes at me and attacks me, yet I pull out a gun and shoot them in the head, I have killed someone, I've done it intentionally, I've used deadly force, I've had intent to kill, but I've not committed a violent crime. But if you use a... If you have a defense of self-defense... Right. That results in an acquittal. That's right. It's not a violent crime. Unless you used excessive force. Yes. Which makes it voluntary manslaughter, but the determinative fact is that you killed intentionally. But what is it that makes it a crime? The fact that you killed... Well, what makes it voluntary manslaughter is that you killed intentionally, using excessive force under the circumstances. No. I'm sorry, that's not correct. Self-defense... In the instructions in self-defense, the first thing the jury has to do is determine that the person subjectively believed that he had the right to act in self-defense. They then have to determine that that subjective belief was objectively reasonable. So they've already determined that he was acting in self-defense. Okay? Which is not unlawful conduct. But if they determine that he used excessive force, it now becomes the crime of voluntary manslaughter. So the difference between pure lawful conduct, acting in self-defense, and voluntary manslaughter is a jury determination as to the reasonableness and the amount of force that is used in the act. I am at a complete loss as to how that helps you. Well, what's the mens rea of the crime? The mens rea of the crime is simply... Well, people argue against yourself. How? Because if you... If you intentionally commit a crime using excessive force, that is violence. The excessive force can be part of the violence. But I'm not intentionally committing a crime. I'm intentionally defending... You're intentionally killing. I'm defending myself. That's not how the definition... The definition is intentional killing. It involves an unlawful... I'm going back to the cases with which I have some familiarity. When one kills another intentionally, but does so either in the heat of passion or in self-defense if excessive force is used. Right. So... So by the... The underlying... But it's still intentional, and it's still voluntary manslaughter because it was an intentional killing even in self-defense if excessive force is used. The fact that there's... I don't understand how... I'm sorry. I just don't understand how anything else you said changes that. Because if... As I said, if I'm acting in self-defense... And by the time you get to this question, the question is, though acting in self-defense used excessive force. So the jury has to already pass on the first two questions. Did the defendant believe that he had the right to act in self-defense? Yes. Was that belief objectively reasonable? So the juries are determined, what you're doing is you are acting in self-defense. What difference does it make to intentionality? The intentionality of the killing. What is... But what is the mens rea of the crime? I don't care. What difference does self-defense make to whether or not the person killed another intentionally? A qualifying felony... Which is what distinguishes it from murder in the first degree, for instance. A qualifying felony cannot be found if there's a negligent use of force, correct? This isn't... But if... So if I'm acting in pure self-defense, okay, I'm not guilty. There's no violent felony. If I negligently use too much force... That's not negligence. You keep substituting... Well, it's a reasonable man standard. That's what the jury instruction tells the jury to do. That has nothing to do with it. It's... I'll stop. Because your argument just doesn't confront or deal with the sticking point for me, which is intentionality. Well, he is intending to use force. He's intending to kill. He could be, yes. But it's not required for the crime of manslaughter. I put a hypothetical in my reply brief where I'm being... Someone's being assaulted, being attacked, not with deadly force, and he misapplies a chokehold and kills the person while acting in self-defense. Jury can find that person guilty of voluntary manslaughter. And the mens rea of the... I mean, it was an intentional act, intentional use of force. But it was applied in a negligent fashion, and that can result in a conviction for voluntary manslaughter. The jury instructions for voluntary manslaughter require that the defendant killed the victim, I think... Yes. ...by an use of intentional force. Yes, but if that force is reasonable, there's no violent crime. The only difference between no violent crime and the crime of voluntary manslaughter is a determination of the reasonableness of the amount of force used. Not the decision to act or the decision to kill, but the amount of force used. And that makes it a crime with a mens rea of negligence. Very briefly, I did want to turn to... The government filed supplemental authorities, and I did want to address briefly the Carson case out of the Seventh Circuit, where this is addressing the appeal waiver issue. And I wanted to note that in Carson, when the defendant made his plea agreement that included the appeal waiver, they specifically agreed that he would get a sentence of 272 months, both parties understanding that he would be or believing he would be a career offender. That's very different from what you have in this case, where the parties did not know that. And the government acknowledged this in their district court pleading, where they acknowledged that while neither counsel for Smith nor the government was aware that Smith had qualifying juvenile convictions that exposed him to the armed career criminal statute. So I do think that the Carson case is very distinguishable factually from what we have here in terms of the appeal waiver. And in terms of the Dinkins case, I don't find that applicable because it doesn't really deal with the issue of self-defense. All right, sir. You've also reserved some time for rebuttal. Ms. McFadden, we'd be happy to hear from you. Thank you, Your Honor. Good morning, Your Honor. May it please the Court. Joanna McFadden for the United States. There are two questions presented to the Court in this particular matter, and it's the government's position that the first renders a second move, that being whether Mr. Smith's appellate waiver was a knowing involuntary and can be enforced. Our position is that it would be because it does not fall into any of the enumerated exceptions. Specifically, there's no issue about the statutory maximum being exceeded in this particular case. And that's because... Well, that may be so, but here we are. We've gone to the difficulty... You've gone to the trouble of orally arguing the main issue here with respect to the nature of the crime, and the opposing counsel has done the same thing. We've asked you to brief it, and we don't want all this good briefing and argument to just go by the board, so why don't you start out talking... You're not abandoning your argument that this should be dismissed on the basis of the waiver and the plea agreement, but since your opponent focused on this question of crime or violence, why don't you address that? Absolutely, Your Honor. I think the case law on this particular crime is clear, and I think the Court's already touched on it in its questions to opposing counsel, which is at the end of the day, there's a requirement for an intentional act and an intentional killing. And I don't think that the excessive self-defense argument gets around that, because it essentially conflates two principles. One is, did you deploy the force with intention, and were you thinking as a reasonable man when you did so? And I'd note to that end that in support for the particular proposition Mr. Bryson makes, he cites to a North Carolina law that deals with accident, injury, slip and falls, and a standard of negligence. But I just don't think that is... All of his accusations were to civil cases, basically. Your Honor, I agree, and I think those are inapplicable, and I think if you look at the multiple North Carolina cases that touch on this issue, they're not all over the map, as we've seen in some of the other cases, for instance, with North Carolina assault, for instance, where perhaps there is a... If, um... Can there be a conviction for voluntary manslaughter where the intentional killing was somehow justified? Well, no, Your Honor, and I think that the court already identified that particular issue earlier, which is saying that if you are acting in self-defense and you do intentionally kill someone, then... But your force exerted is reasonable, you'd be acquitted, you wouldn't be guilty. Well, that's the point, because these are affirmative defenses, and if a jury accepts them, then the case is over in the defendant's favor. So the jury in convicting has already ruled on the point that the intentional killing was not a justified killing, because if it had been justified in some way or another, out of self-defense or extreme provocation, the verdict would not have come down as it did. That's exactly right, Your Honor, and so what happens here is that there's been a determination that an intentional killing occurred, and the issue really for the jury, then, is determining whether or not it was justified in light of the circumstances. It was justified. That's a different analysis. And that puts it into... If it was justified, and if you could... If there was such a thing as justified voluntary manslaughter, if that's the way North Carolina had defined its crime, then... I'm sorry. That would be different. I mean, then we would have examples of the predicate offense that were nonviolent. That's exactly right, Your Honor, and there's just nothing in the case law to indicate that one can commit a crime in such a way that was justified under the circumstances and that there wasn't an acquittal. If it's a conviction, then it wasn't justified and the intentional killing took place. Excuse me, Judge Duncan. And the justification turns on whether the force was excessive? That's my reading of the case law, Your Honor. Yeah, that's my reading of the case law. That was the only point I was going to make, I think. And I think it's notable that when you look at the case law and there are discussions of these killings that occur with culpable negligence, those are cabined into involuntary manslaughter, which, of course, this Court has determined is not a crime of violence. There's a clear delineation between the mens rea for involuntary manslaughter and voluntary manslaughter, and all the cases and all the jury instructions make it very clear that it does require an intentional act, and that's whether it's in the context of extreme provocation or in the exercise of excessive self-defense. I've just seen nothing in my review of the case law that indicates that this particular crime can be committed without that intentionality. And so I think that to try to take that a step further and separate the intentional killing from the reasonableness of the killing under the circumstances again sort of completes two different analyses. And one relates to the mens rea behind the use of force, and the other relates to the punishment that society wants to place upon someone for their actions. And in this instance, if it was justified, then obviously... Well, is every crime with an intentional... with a requirement of intent? That doesn't need to be a crime of violence. I mean, you can intend... you can intend some crimes, and, in fact, the customary mens rea is one of knowingly... knowingly, willfully. So you could intend... you could intend a number of crimes, and yet they still would not be crimes of violence. You could intend to defraud somebody, I suppose. Of course, Your Honor. The intention would relate to the exertion of force. What we're dealing here, as we were with the other case, we're dealing with murder, taking a life. So it isn't just the intent. It's the intent to kill that makes it a crime of violence, because there's a whole universe of intentional crimes that are...they're crimes, and in that sense, they're not justifiable in any way, but there's no violent component to them. But where you're talking, as you are here, about an intent to kill, it's a whole different ballgame. That's absolutely right, Your Honor, and I think it's interesting that you should reference murder, because in the case on North Carolina, they're very specific that, you know, voluntary manslaughter is essentially first-degree murder with... With something replacing the premeditation. Exactly. There's a factor that replaces that. Exactly. Either heat of passion or self-defense or...yeah. But the intentional act, again, is the same, and the result is the same, because someone is killed. Right. And so it's only the difference between the provocation versus the deliberation in terms of how, you know, that particular crime is going to be punished. Your Honors, I see that I have a great deal of time left. I'd be happy to answer any further... If we have questions, you're going to use all your time. If we don't have questions, it's up to you. Do you have any questions? No. Your Honor, you noted that we did not waive our argument regarding the motion to dismiss, and we'd asked that the appeal waiver be enforced, but obviously... You got that in your brief. I mean, you got that vending motion. You haven't surrendered anything. Don't worry. Thank you, Your Honor. With that, we just ask that if the court does get to the ultimate merits, that it affirm the judgment of the district court. Thank you. Mr. Bryson, you have reserved time for rebuttal. I realize that I don't have much more to say than whatever I've said before, but I do want to pick up on this question of, yes, there's an intent to kill. There can be an intent to kill. First of all, I disagree that in every voluntary manslaughter, there has to be an intent to kill. I thought that was how it's defined. I think it has to be an intentional act. Well, I'm reading from, well, I think it's defined as the unlawful killing, manslaughter, unlawful killing of a human being without malice and without premeditation and deliberation. I'm looking at my page six of my principal brief where I've got the pattern of jury instruction. It says, first, that the defendant killed the victim by an intentional and unlawful act. So I don't think you have to have the specific intent to kill in order to have voluntary manslaughter. Well, how can you – I'm not quite sure how you parse that. Okay. In the hypothetical that I put in my reply brief, I accidentally killed someone while acting in self-defense. And I do want to address counsel's argument that that would be involuntary manslaughter because it's an act of negligence. North Carolina law recognizes very well that just because an act fits multiple definitions of criminal offenses, it's not wrong for a creative prosecutor to prosecute a greater offense. If it fits that definition, and I could submit supplemental authority to this, but the one that comes to my mind is North Carolina has a worthless check statute. So if I go into Walmart and I write a check for $100 knowing I only have $20 in my account, that's a misdemeanor, 14-107. But because I'm making a misrepresentation and it's a fraud, it also fits the North Carolina general fraud statute, obtaining property by false pretenses. And the North Carolina Supreme Court has been very clear that a creative prosecutor can prosecute a basic worthless check case as a fraud just because the actual physical acts better fit a lower crime doesn't prevent a creative prosecutor from pursuing a greater act. And so that's why even though I would say that I was using a negligent act in this hypothetical, it still satisfies the definition of voluntary manslaughter. But more importantly, and I'm having trouble making this point, but I think that you can be acting intentionally, using force, even have the intent to kill. But if you're acting in self-defense, there is no crime. The distinction between that and voluntary manslaughter is a jury determination on the reasonableness of the amount of force. So you can be acting completely self-defense and have a jury only determine the reasonableness, the unreasonableness of your use of force, and that gets you convicted of voluntary manslaughter. Thank you. All right. We thank you, sir. And I see that you're court appointed. I appreciate very much your services to the court. Thank you so much. Okay, if we go ahead. Okay, if we go ahead. We'll come down and greet counsel and then proceed into our next catch.
judges: J. Harvie Wilkinson III, William B. Traxler, Jr., Allyson K. Duncan